```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :

     - v -                       :    D E C L A R A T I O N

RAHIM FRAZIER,                   :    07 CR 686 (CM)

          Defendant.             :
- - - - - - - - - - - - - - - - - x
```

I, **STEVEN M. STATSINGER,** hereby declare under the penalties of perjury, pursuant to 28 U.S.C.§ 1746, that:

1. I am an attorney associated with Federal Defenders of New York, Inc., and have been appointed by the Court to represent the defendant, Rahim Frazier, in this action. I make this declaration in support of a motion pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained in violation of the Fourth Amendment to the United States Constitution or, in the alternative, for an evidentiary hearing.

2. The statements contained in this Declaration are based on Mr. Frazier's own Declaration and my review of the materials provided by government in discovery.

**Background**

3. On July 11, 2007, Mr. Frazier was presented in this Court on a Complaint that charged him with possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. §

922(g)(1). A copy of the Complaint is on file with the Court.

4. On July 25, 2007, the government filed the instant Indictment against Mr. Frazier, charging him with the same offense alleged in the Complaint.

5. On August 1, 2007, Mr. Frazier entered a plea of not guilty to the Indictment.

**The Allegations in the Complaint Regarding the Recovery of the Firearm**

6. According to the Complaint, on April 8, 2007, police officers responding to a radio dispatch arrived at 2675 Valentine Avenue, in the Bronx. Complaint at ¶ 2(b).

7. Inside the building, the officers detained Mr. Frazier, who matched the description in the radio run, in the stairwell. Complaint at ¶ 2(b).

8. Two officers remained with Mr. Frazier, who was carrying a laundry bag, on the third-floor landing, while two others went to Apartment 4C, where a woman told the officers that she had seen Mr. Frazier put a gun in a laundry bag. Complaint at ¶ 2(c).

9. The officers then retrieved the gun from Mr. Frazier's laundry bag, and then placed him under arrest. Complaint at ¶ 2(d).

**The Post-Arrest Statements**

10. After the officers arrested Mr. Frazier, they read him his <u>Miranda</u> rights and he made a statement indicating, in substance, that he had found the gun in a park. Complaint at ¶

2(e).

**Mr. Frazier's Declaration**

11. In an accompanying Declaration, Mr. Frazier confirms that the police opened his laundry bag, searched it, and found a gun. Frazier Decl. at ¶ 6.

12. However, he also indicates that there was no lawful basis for that search, since he did not consent to the search. Frazier Decl. at ¶ 7.

**The Gun and Mr. Frazier's Statements Must Be Suppressed**

13. Based on the Complaint and Mr. Frazier's Declaration, the gun should be suppressed, because the search of Mr. Frazier's bag was illegal.

14. The officers did not have a warrant to search the bag, and no exception to the warrant requirement applies here.

15. First, as detailed in Mr. Frazier's Declaration, the police lacked his consent.

16. Nor were exigent circumstances present that might have justified a warrantless search.

17. Lastly, the search of the bag was not incident to Mr. Frazier's arrest, since the officers did not arrest him until after they had found the gun. See, e.g., Smith v. Ohio, 494 U.S. 541, 543 (1990) (per curiam) (incident search cannot precede arrest).

18. In addition, because the gun was recovered after an

illegal search, Mr. Frazier's post-arrest statements should likewise be suppressed as fruits of the Fourth Amendment violation.

## Conclusion

19. In light of the above, the Court should either suppress the gun and statements obtained from Mr. Frazier or conduct an evidentiary hearing on this motion.

**WHEREFORE**, it is respectfully requested that this Court enter an order suppressing the physical evidence and statements obtained from Mr. Frazier or, in the alternative, granting a hearing on this motion.

Dated:   New York, New York
         September 7, 2007

_____
**STEVEN M. STATSINGER, ESQ**