Approved: _____
ANTONIA M. APPS
Assistant United States Attorney

07 MAG 1091

Before:  HONORABLE THEODORE H. KATZ
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA       :   COMPLAINT

      - v. -                   :   Violation of
                                   18 U.S.C. § 922(g)(1)

RAHIM FRAZIER,                 :
                                   COUNTY OF OFFENSE:
            Defendant.         :   BRONX

- - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

Jason O'Neill, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

On or about April 8, 2007, in the Southern District of New York, RAHIM FRAZIER, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about March 11, 2003, in Bronx Supreme Court, for criminal possession of a weapon in the third degree, did possess in and affecting commerce, a firearm, to wit, a loaded ROSSI 38 Caliber revolver, which previously had been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(g).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1. I am a Detective with the NYPD, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law-enforcement agents and others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where

the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2.   I have spoken with a New York City Police Department police officer ("Police Officer-1").  From doing so, I have learned the following, in substance and in part:

a.   On or about April 8, 2007, at about 3:30a.m., Police Officer-1 and his partner were on routine patrol in the Bronx, New York.  Police-Officer 1 received a radio dispatch reporting on a 911 call.  The radio dispatch reported that there was a domestic dispute with a firearm at 2675 Valentine Avenue, Apartment 4C, Bronx, New York.  The apartment was located on the fourth floor of the building.  The radio dispatch gave the following description of the subject: a male, armed with a gun, dressed in a black jacket with a grey hood and wearing a red bandana on his head.

b.   Within moments of the dispatch, Police-Officer 1 and his partner arrived at 2675 Valentine Avenue.  Two other officers also arrived at the location.  Police-Officer 1, his partner and the other two officers began climbing the stairs of the building.  As Police-Officer 1 began climbing the stairs, he saw RAHIM FRAZIER, the defendant, dressed in a black jacket with a grey hood and wearing a red bandana on his head.  FRAZIER was walking down the stairs between the third and fourth floors of the building, and was carrying a laundry bag with draw strings.  Because the staircase was narrow, Police-Officer 1 and the other officers ascending the stairs blocked FRAZIER's descent, stopping FRAZIER on the landing of the third floor.  When asked what FRAZIER was doing, FRAZIER stated that he was coming from Apartment 4C upstairs.

c.   Police-Officer 1, with another officer accompanying him, climbed the stairs to the fourth floor while the remaining two officers stayed with FRAZIER on the third floor landing.  Police-Officer 1 went to Apartment 4C, and spoke to a woman.  Police-Officer 1 asked the woman if she made a 911 call.  The woman answered yes.  She stated that she had had an argument with her baby's father who had a gun.  She stated that he had taken the gun - a revolver - from a box in the closet and placed it in a laundry bag.

d.   The gun was retrieved from the laundry bag that was in FRAZIER's possession while he was stopped on the third floor landing.  FRAZIER was then handcuffed and taken to the police station.

        e. At the police station, FRAZIER was advised of his Miranda rights, and signed a form affirmatively indicating that he understood those rights. After he signed this form, FRAZIER stated that he found the firearm in a park approximately one and half years ago.

        3. The recovered firearm was a loaded ROSSI 38 Caliber revolver, which is manufactured outside the state of New York.

        WHEREFORE, the deponent prays that a warrant be issued for the arrest of RAHIM FRAZIER, the defendant, and that he be imprisoned, or bailed, as the case may be.

_____
Jason O'Neill
Detective, New York City
Police Department

Sworn to before me this
9th day of July, 2007

_____
HONORABLE THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK