```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

        - v -                      :
                                            O7 CR 686 (CM)
RAHIM FRAZIER,                     :

         Defendant.                :

- - - - - - - - - - - - - - - - - -x
```

**REPLY MEMORANDUM**

        LEONARD F. JOY, ESQ.
        Federal Defenders of New York, Inc.
        Attorney for Defendant
        **RAHIM FRAZIER**
        52 Duane Street - 10th Floor
        New York, New York  10007
        Tel.: (212) 417-8736

**STEVEN M. STATSINGER, ESQ.**
  Of Counsel

TO:   **MICHAEL J. GARCIA, ESQ.**
     United States Attorney
     Southern District Of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **ANTONIA M. APPS, ESQ.**
         Assistant United States Attorney

**PRELIMINARY STATEMENT**

This Reply Memorandum is respectfully submitted on behalf of defendant Rahim Frazier in further support of his motion to suppress evidence that was obtained in violation of the Fourth Amendment. For the reasons set out below, the Court should grant the motion without a hearing.

**BACKGROUND**

On April 8, 2007, four police officers detained Mr. Frazier, who matched the description of the suspect described in a 911 call, in the stairwell of the building in which he lived. They patted him down and removed a laundry bag that he had been carrying, placing it on the floor next to him. Government Letter of 9/21/2007 ("Gov't Ltr") at 2.

Two officers waited with Mr. Frazier on the stairs while two others spoke to his girlfriend, who was in their apartment one floor above. She told the officers that Mr. Frazier had put a gun in the laundry bag. As the government now concedes (Gov't Ltr at 3), the officers, lacking either a search warrant or Mr. Frazier's consent, opened Mr. Frazier's bag and searched inside it until they found the gun. Mr. Frazier was placed under arrest and, later, made incriminating statements.

**ARGUMENT**

**BECAUSE THE POLICE OFFICERS CONDUCTED A WARRANT-LESS, FULL-BLOWN SEARCH OF MR. FRAZIER'S BAG BASED ONLY ON REASONABLE SUSPICION, THEY EXCEEDED THE PERMISSIBLE BOUNDS OF TERRY AND VIOLATED THE FOURTH AMENDMENT.**

Police officers, based on their reasonable suspicion that Mr. Frazier had a weapon, searched his bag without a warrant or his consent, and no other exception to the Fourth Amendment's warrant requirement is present here. Nor is it true, as the government argues, that the search that the officers conducted was permissible under Terry v. Ohio, 392 U.S. 1 (1968). All that would have been permissible under Terry was a pat-down of the bag. But since the officers searched the bag without patting it down first, that search violated the Fourth Amendment. Accordingly, the firearm recovered from the bag, along with Mr. Frazier's post-arrest statements, must be suppressed. Since there are no facts in dispute, no hearing is necessary in this case.

**A. Introduction**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause...." U.S. Const. amend. IV. In all but a few narrowly delineated circumstances a search must be based upon a warrant issued upon probable cause. Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602 (1989)

("Except in certain well-defined circumstances, a search or seizure in [a criminal] case is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause."); Mincey v. Arizona, 437 U.S. 385, 390 (1978); Katz v. United States, 389 U.S. 347, 357 (1967). Warrantless searches are presumptively unlawful and the burden is always on the government to establish that an exception to the warrant requirement applies. United States v. Jeffers, 342 U.S. 48, 51 (1951).

**B. The Officers' Opening of Mr. Frazier's Bag Exceeded the Permissible Bounds of Terry**

The government has utterly failed identify an exception to the warrant requirement that would render the search of Mr. Frazier's bag legal. Instead, it attempts to pretend that that search was not a full search at all, but rather was some sort of less invasive procedure, and thus was permitted under Terry. Terry held:

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, ... he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

392 U.S. at 30. Terry permits only a "restricted incidental search for weapons," and the Supreme Court has taken pains prevent a "Terry stop from automatically becoming a foot in the door for all investigatory purposes." Illinois v. Caballes, 543 U.S. 405, 415 (2005) (Souter, J., dissenting). Neither Terry nor any Supreme

Court case applying it permits the type of full-blown, warrantless search of a closed container, based solely on an officer's reasonable suspicion, that occurred here.[1]

Terry only permits actions by the police that are less invasive than a full search. A Terry frisk must be "confined in scope to an intrusion reasonably designed to discover ... hidden instruments for the assault of the police officer." Terry, 392 U.S. at 29. The pat-down in Terry was reasonable because the officer "did not place his hands in [the suspects'] pockets or under the outer surface of their garments ... [He] confined his search strictly to what was minimally necessary to learn whether the men were armed and to disarm them once he discovered the weapons." Id. at 29-30.

By contrast, it simply cannot be disputed that opening and looking inside a closed container, for example, a bag that a suspect is carrying, always constitutes a full-blown search. United States v. Maple, 348 F.3d 260, 263 (D.C. Cir. 2003); United States v. Chadwick, 433 U.S. 1, 11 (1977), abrogated on other grounds, California v. Acevedo, 500 U.S. 565 (1991;) Florida v. Wells, 495 U.S. 1, 3 (1990). A full-blown search is not permitted under Terry. United States v. Casado, 303 F.3d 440, 447 (2d Cir. 2002)(suppressing fruits of Terry-type encounter in which the

---

[1] There is a different rule for car stops. Michigan v. Long, 463 U.S. 1033 (1983). As discussed below, in Subsection C, that rule does not apply here.

officer searched inside the suspect's pocket).

Rather, such a search is permissible only after a less invasive pat-down has revealed the presence of a weapon. Once this has occurred, under the "plain-feel" or "plain-touch" doctrine which, like "plain view," is an exception to the warrant requirement, Minnesota v Dickerson, 508 U.S. 366, 376-77 (1993), the officer is permitted to conduct a more invasive search that includes opening a closed container. United States v. Most, 876 F.2d 191, 195 (D.C. Cir. 1989).

> [T]he "plain touch" doctrine would permit the opening of [a] bag [when an officer is] authorized to feel the bag's exterior. "Plain touch" analysis is appropriate, however, only after the initial contact has been determined to be lawful. The doctrine applies to a narrow range of situations, such as Terry stops, in which police are authorized to perform a limited inspection but not to conduct a full-scale search. It does not, however, allow police officers to eviscerate the fourth amendment by performing warrantless searches one layer at a time.

Id. This principle has been illustrated in at least one Supreme Court case. In Illinois v. Wardlow, 528 U.S. 119, 122 (2000), police officers opened the bag that a suspect was carrying, and seized the gun it contained, only after a reasonable suspicion-based pat-down of the bag revealed the weapon's presence.

Although the Supreme Court has not squarely considered a case presenting the precise question presented here, several lower courts have. In United States v. Russell, 655 F.2d 1261, 1264 (D.C. Cir. 1981), vacated in part on other grounds, 670 F.2d 323 (D.C. Cir. 1982), the court held that the warrantless search of a bag

-5-

violated the Fourth Amendment because the incriminating nature of its contents was not first discerned either by plain view or plain feel, even though it was evident that the officers had reasonable suspicion.

Similarly, in United States v. Williams, 822 F.2d 1174, 1184 (D.C. Cir. 1987), superseded on other grounds, United States v. Caballero, 936 F.2d 1292 (D.C. Cir. 1991), the court permitted the warrantless opening of a bag - a full blown search - only because the "plain feel" of a Terry pat down revealed that it contained contraband. The Second Circuit in United States v. Rogers, 129 F.3d 76, 79 (2d Cir. 1997), likewise upheld the opening of a bag in a Terry scenario only after a permissible, and less invasive, pat-down established that the bag contained contraband. See also United States v. Walker, 576 F.2d 253, 255 (9th Cir. 1978) (per curiam) (full search of purse was permissible where pat down of exterior revealed presence of weapon).

These cases establish that the search of Mr. Frazier's bag violated the Fourth Amendment. While the officers here had reasonable suspicion, that suspicion was not a substitute for the Fourth Amendment's warrant requirement, and did not, by itself, permit the officers to open the bag and search it. Russell, 655 F.2d at 1263. Reasonable suspicion only permitted the officers to pat down the bag. If that pat-down had revealed the presence of a gun, then, and only then, would a full search of the bag have been permissible.

The "plain feel" of the gun would have constituted an exception to the Fourth Amendment's warrant requirement.

But since that did not happen here - there was no pat-down, just a search - the fruits of that warrantless search must be suppressed.

**C. The Cases Cited by the Government Are Inapposite**

Neither of the cases relied on by the government authorizes the warrantless search of Mr. Frazier's bag.

The government first cites <u>Michigan v. Long</u>, 463 U.S. 1033 (1983). But <u>Long</u> involved the search of an automobile, a circumstance that involves an entirely different set of Fourth Amendment principles than those applicable here. The Supreme Court has long recognized that a person has a lower expectation of privacy in his automobile than in his home, person or personal effects. In fact, for this reason, under the "automobile exception," no warrant is required for the search of an automobile or containers within it. <u>See, e.g.</u>, <u>United Stats v. Gagnon</u>, 373 F.3d 230, 235 (2d Cir. 2004) (collecting cases).

In addition, the Court in <u>Long</u> took notice of the particular danger to the police posed by traffic stops: "[I]nvestigative detentions involving suspects in vehicles are especially fraught with danger to police officers" 463 U.S. at 1047. The actual holding of <u>Long</u> is that

> the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or

>hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.

Id. at 1049. Long, then, is a case that applies Terry to the unique circumstances of a traffic stop, and cannot be used to justify the warrantless search of a suspect's personal effects in a case that has nothing to do with an automobile.

The government also cites United States v. Atlas, 94 F.3d 447 (8th Cir. 1996), in which, as here, police officers searched a suspect's bag without a warrant. But, contrary to the government's claims, Atlas actually supports Mr. Frazier's motion.

In Atlas, police officers encountered a suspect on the street, and had reasonable suspicion to believe that he was armed and dangerous. Id. at 449. The suspect had thrown down his bag when he saw the officers, and the bag landed with a "thud." Id. Even then, however, the officers did not immediately open the bag; they patted it down, and opened it only after the frisk confirmed the presence of a weapon: "Officer McDonald touched the bag, and he felt the barrel of what he thought was a shotgun. When he advised [another officer] that there was a shotgun in the bag, Atlas began to resist ... . After the two officers finally succeeded in handcuffing Atlas, they opened the bag and found" a firearm, ammunition and other incriminating evidence. Id.

In other words, the officers in Atlas did precisely what

Fourth Amendment requires, and precisely what Terry permits. They conducted a pat-down based on reasonable suspicion; when the "plain-feel" result of the pat-down established the presence of the weapon, no longer needing a warrant, they searched the suspect's bag. This is, of course, not at all what happened here.

It should also be noted that, in any event, there material differences between Atlas and Mr. Frazier's case. In Atlas, the defendant's claim on appeal was not that officers needed a warrant to search his bag; it was that they lacked reasonable suspicion in the first place. "Atlas brought a motion in the district court to suppress the gun, contending that the search violated the Fourth Amendment because [the officer] lacked a reasonable suspicion that Atlas was engaged in criminal activity." Id. at 450. And the entirety of the Eighth Circuit's analysis of the case turned on whether reasonable suspicion existed. Id. at 450-51 ("We agree with the government that [the officer] possessed a reasonable suspicion that criminal activity was afoot and that Atlas was armed and dangerous."). The defendant in Atlas did not raise, and the court thus did not have occasion to consider, the question raised here, which is whether reasonable suspicion alone constitutes an exception to the Fourth Amendment's requirement.

### D. Conclusion

The government has failed to establish that any exception to the Fourth Amendment's warrant requirement authorized the search of

Mr. Frazier's bag. Since it is clear that reasonable suspicion alone, even reasonable suspicion that a suspect is armed, does not constitute such an exception, that search violated the Fourth Amendment. The weapon recovered from the bag and Mr. Frazier's post-arrest statements should accordingly be suppressed.

## CONCLUSION

For the reasons advanced above, the Court should grant Mr. Frazier's motion and suppress the physical evidence and Mr. Frazier's statements.

Dated:   New York, New York
         October 8, 2007

          Respectfully submitted,
          LEONARD F. JOY, ESQ.
          Federal Defenders of New York, Inc.

By: _____
    **STEVEN M. STATSINGER, ESQ.**
    Attorney for Defendant
    **RAHIM FRAZIER**
    52 Duane Street - 10th Floor
    New York NY 10007
    Tel.: (212) 417-8736