

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

October 17, 2007

**BY HAND**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1940
New York, New York 10007

       Re:    <u>United States v. Rahim Frazier</u>, 07 Cr. 686 (CM)

Dear Judge McMahon:

       The defendant raised new arguments in his Reply Memorandum filed October 8, 2007.  Accordingly, the Government respectfully requests leave to file the attached Sur-Reply Memorandum to respond to the new arguments.

                                  Respectfully submitted,

                                  MICHAEL J. GARCIA
                                United States Attorney

               By: _____
                       Antonia M. Apps
                       Assistant United States Attorney
                       (212) 637-2198 (phone)
                       (212) 637-2527 (fax)

_____
SO ORDERED
The Hon. Colleen McMahon

cc:     Steven M. Statsinger, Esq.



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

October 17, 2007

**BY HAND**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1940
New York, New York 10007

      Re:    **United States v. Rahim Frazier, 07 Cr. 686 (CM)**

Dear Judge McMahon:

      The Government respectfully submits this letter to respond to two new arguments raised by the defendant in his Reply Memorandum (filed Oct. 8, 2007) ("Reply Mem."). First, the defendant argues that a search of a suspect's bag is never permitted on a Terry stop. Second, the defendant contends (contradicting his first argument) that a search of a suspect's bag on a Terry stop must be preceded by a "pat-down" of the bag itself. Both arguments are wrong.

    I.    **Protective Searches Are Permitted Under Terry**

      It is clear that a protective search of a suspect's bag to ensure the safety of the police or the public is permitted on a Terry stop if the police have reason to believe that the suspect's bag contains a gun.[1] The defendant's citation to cases where the safety of the officers is

---

[1] The defendant cites United States v. Maple, 348 F.3d 260 (D.C. Cir. 2003), for the contrary proposition. See Reply Mem. at 4. In Maple, however, the court found unreasonable the police's search of the console in the defendant's car upon his arrest for a traffic violation because they had no reason to believe the defendant possessed a gun. Moreover, the court expressly distinguished Cady v. Dombrowski, 413 U.S. 433, 447-48 (1973), where the Supreme Court found a similar search reasonable, "because [in that case] the police had reason to believe that the trunk contained a gun, the car was vulnerable to intrusion by vandals, and the public safety could have been endangered had an intruder removed a gun from the trunk of the vehicle". 348 F.3d at 263.

The Honorable Colleen McMahon
October 17, 2007
Page 2

no longer at issue,[2] and to cases where a pat-down search has revealed that the suspect has no weapons,[3] is inapposite. Unlike those cases, the reasonable belief that the defendant was armed and safety of the officers justifies the search here. The police had learned from a 911 call, in which the complainant had given her address and telephone numbers, that a man wearing a red bandana and black jacket with a grey hood was armed with a gun. When they saw the defendant matching this description, and he told them that he had come from the complainant's apartment, they had reasonable suspicion to believe that he was carrying a gun. Since the pat-down of his person revealed no gun, the officers had reason to believe that the gun was in the laundry bag the defendant had been carrying and which was still within his reach. This fact was indeed confirmed by the complainant herself, who told two fo the officers that the defendant had placed the gun in the laundry bag.[4]

## II.  The Defendant's Cases Do Not Support a "Pat-down" Rule

The defendant's argument that a search of a closed container such as a bag is only permissible on a Terry stop where the police officer first does a pat-down of the bag is not supported by the cases cited by the defendant. Reply at 5-6. Rather, the cases show that a pat-down is neither necessary nor always sufficient to justify the search.

In United States v. Most, 876 F.2d 191 (D.C. Cir. 1989), for example, see Reply at 5, the police officer did do a pat-down of the bag, and felt hard, rock-like objects that, in his experience, he knew to be crack cocaine. Id. at 193. The court nonetheless held the search unreasonable because there was no probable cause to justify the initial "touching" of the bag,[5]

---

[2]In both United States v. Chadwick, 433 U.S. 1, 11 (1977), abrogated by California v. Acevedo, 500 U.S. 565 (1991), and Florida v. Wells, 495 U.S. 1, 3 (1990), cited by defendant, Reply at 4, the safety concern for the officers was absent because the searches of the closed containers occurred hours after the defendant were arrested and at a time when the defendants had no access to the containers.

[3]In Minnesota v. Dickerson, 508 U.S. 366 (1993), the officer's frisk of the defendant's pocket revealed that the defendant had no weapon, although he possibly did have crack cocaine. The subsequent search of the pocket was held to be unreasonable because it exceed its sole possible justification: detecting weapons. Id. at 373.

[4]As previously noted, one of the four officers recalls retrieving the gun from the laundry bag after patting the defendant down, before the two officers who went upstairs returned. In either event, the gun was retrieved for the safety of the officers. See Govt's Letter dated Sept. 21, 2007 at 5 n.4.

[5]The government conceded that here was no probable cause to search the bag. 876 F.2d at 196.

The Honorable Colleen McMahon
October 17, 2007
Page 3

and because there was no concern for anyone's safety. Id. at 195 & n.7.[6]

The defendant misstates the holding of United States v. Russell, 655 F.2d 1261 (D.C. Cir. 1982). The police stopped the defendant because the car he was driving lacked a front license plate. When the defendant opened the glove compartment to show the car's registration, the officer saw a "clear plastic bag containing a white powder" and a "brown, change-type bag" commonly used to carry marijuana inside the compartment. Id. at 1262. The defendant and the passenger were ordered out of the car; the officers then searched the car and found a paper bag containing a gun under the front seat, and a "large brown paper .. . grocery-type bag" from the hatchback of the car. Id. at 1262-63. The officers did not conduct a pat-down of this second bag before opening it. The officers found more drugs in this bag. The Court of Appeals ultimately found the search of both bags reasonable. See id. at 1264 (holding that the search of the paper bag containing the gun was justified); United States v. Russell, 670 F.2d 323 (D.C. Cir. 1982) (vacating prior opinion in part and holding that search of bag found in trunk was justified).[7]

The defendant's reliance on United States v. Casado, 303 F.3d 440, 447 (2d Cir. 2002), Reply at 4-5, equally is misplaced. The defendant had been seen exiting a building in which there were frequent drug sales, had been given "something" by another person which he placed in the pocket of his pants, and refused to remove his hand from his pocket when the police confronted him. Without conducting a pat-down, the police officer reached into the defendant's pocket and removed the contents, which included crack cocaine. Id. at 442. The Second Circuit held the evidence should have been suppressed because the search was not reasonably limited to the scope of the Terry stop, namely, detecting weapons. But the Court emphasized that it was not requiring a pat-down of the person on a Terry stop in all cases, id. at 448-449. The Court specifically cited with approval cases allowing weapons searches "that take forms other than a patdown, particularly where a weapon might be hidden somewhere close by, but not on the suspect's person." Id. at n.4 (citing cases).

Nor does United States v. Williams, 822 F.2d 1174, 1184 (D.C. Cir. 1987), hold

---

[6]The defendant was observed retrieving a plastic bag from the trunk of his car, walking through a parking lot with it while looking around suspiciously, and entering a grocery store with the plastic bag. He later left the grocery store without the plastic bag. The police officers went into the grocery store and found the bag, which the defendant had given to one of the store clerks to watch over. Id. at 192. When the police officer conducted the "feel" of the bag, the defendant was still outside wandering the neighborhood.

[7]It is true that the Court's first opinion referred to the fact that the officer felt the gun through the paper bag that was under the car seat, but the Court did so because it was concerned to avoid the now-overturned rule in Arkansas v. Sanders, 442 U.S. 753 (1979). However, this part of the court's reasoning can no longer be regarded as good law given that Sanders has been overruled. See California v. Acevdo, 500 U.S. at 579 (overruling Sanders).

The Honorable Colleen McMahon
October 17, 2007
Page 4

that a protective search of a container incident to a Terry stop first requires a pat-down of the container. On the contrary, in Williams, which involved the seizure of a bag of drugs from the passenger seat of a car, the court specifically pointed out that a Terry weapons search is not limited to a pat-down of the person, but extends to all those areas of the passenger compartment of the car in which a weapon may be concealed. 822 F.2d at 1178-79 (citing Long, 463 U.S. 1033).[8]

The Supreme Court and the Second Circuit have eschewed bright-line rules in the context of Terry stops. In Terry v. Ohio, 392 U.S. 1 (1968), the Court stated that there is "no ready test for determining reasonableness other than by balancing the need to search . . . against the invasion which the search . . . entails.'" Id. at 21 (citing Camara v. Municipal Court, 387 U.S. 523, 534-35 (1967)). See also Casado, 303 F.3d at 445 (acknowledging Terry's caution "against drawing broad conclusions based on its analysis of the particular facts of the case"). The Supreme Court subsequently applied the Terry balancing analysis first to an automobile search, see Michigan v. Long, 463 U.S. 1033 (1983), and later to the search of a home in conjunction with a home arrest. See Maryland v. Buie, 494 U.S. 325, 332 (1990). Contrary to the defendant's claim that Long's holding is limited to automobile stops, see Reply at 7-8, the Long Court's analysis of Terry was much broader. As the Supreme Court in Buie noted, the Long court "expressly rejected the notion that Terry restricted preventative searches to the person of a detained subject." The Buie Court further elaborated that, in both Terry and Long, the Court was "concerned with the immediate interest of the police officers in taking steps to assure themselves that the persons with whom they were dealing were not armed with, or able to gain immediate control of, a weapon that could unexpectedly and fatally be used against them." Id. at 333.[9]

---

[8]None of the defendant's remaining cases support his purported rule. In United States v. Rogers, 129 F.3d 76 (2d Cir. 1997), the officer grabbed the defendant's coat after the defendant reached for her pocket, and felt a hard object which might have been a weapon or drugs. Seizure of the contents of the pocket, and opening the bag inside the pocket, was reasonable because the officer had probable cause to believe that the pocket could have contained a weapon, having felt a hard object in the defendant's coat pocket. The court does not state that a search of a container is only permissible after a pat-down, as defendant states. Reply at 6. Similarly, in Illinois v. Wardlow, 528 U.S. 119, 122 (2000), cited by the defendant, Reply at 5, the officers patted down the bag before searching it, but this fact formed no part of the court's decision that the search was reasonable. In United States v. Walker, 576 F.2d 253 (9th Cir. 1978), the court cursorily stated that a search of the defendant's bag where there was a prior "feel" of the bag was reasonable, but did not state that such a "feel" was necessary to the search's reasonableness.

[9]See also United States v. Hernandez, 941 F.3d 133, 137 (2d Cir. 1991) (holding that a "protective search can involve a search" of both individuals and "for weapons within the grab area of an individual whom the government agents have reasonably concluded is dangerous").

The Honorable Colleen McMahon
October 17, 2007
Page 5

       Although the Supreme Court has yet to address whether the Terry analysis the context of a search of a suspect's bag, it is clear that the Terry analysis applies equally to that situation. See, e.g., United States v. Johnson, 637 F.2d 532, 535 (8th Cir. 1990) (holding that search of a duffel bag placed within feet of the defendant during a pat-down of the defendant was permitted under Terry because the police had reason to believe the defendant was armed and no weapon was found on his person when police patted him down).

### III.   Conclusion

       The police officers's search of the defendant's laundry bag was a valid protective search conducted to ensure their safety. They received a report from a reliable source that the defendant was armed; they patted him down and found no gun on his person, but had reason to believe that the laundry bag the defendant had been carrying and which was still within the defendant's immediate control, contained a gun. They searched the bag only so far as necessary to retrieve that gun and ensure their safety. Accordingly, it was a valid protective search under Terry v. Ohio, and the defendant's motion to suppress the gun and his post-arrest statements should be denied.

                                                     Respectfully submitted,

                                                     MICHAEL J. GARCIA
                                                   United States Attorney

                            By: _____
                                     Antonia M. Apps
                                   Assistant United States Attorney
                                   (212) 637-2198 (phone)
                                   (212) 637-2527 (fax)

cc:     Steven M. Statsinger, Esq.